IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE: KELLY BENEFITS DATA BREACH LITIGATION | * * * * | Lead Case No. SAG-25-01304 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### **MEMORANDUM OPINION**

Presently pending before this Court are three competing motions or applications for appointment as Interim Class Counsel. ECF 17, 22, 23. This Court has carefully considered each filing and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, this Court will appoint Raina Borelli of Strauss Borelli PLLC and James Pizzirusso of Hausfeld LLP as Interim Co-Lead Class Counsel and Cy Smith of Zuckerman Spaeder as Interim Liaison Counsel.

I. PROCEDURAL BACKGROUND

On April 22, 2025, Plaintiff Carolyn Gale filed a putative class action related to a data breach of Kelly & Associates Insurance Group, Inc. dba Kelly Benefits ("Kelly Benefits"). ECF 1. Thereafter, 22 other class actions have been filed in this District asserting substantially similar claims. On May 23, 2025, Gale filed a motion to consolidate cases, which was granted and resulted in a schedule for these cases to proceed in consolidated fashion. ECF 5, 8.

The schedule required any plaintiff's attorneys who wished to seek appointment as interim class counsel to file an application within fourteen days of the scheduling order. ECF 8. This Court received three such applications. The first group consists of Gale's counsel and others supported by the plaintiffs' attorneys in at least 18 of the existing 23 cases ("the Gale Slate"). The Gale Slate proposes Raina Borelli of Strauss Borelli PLLC and James Pizzirusso of Hausfeld LLP as Interim Co-Lead Class Counsel and Cy Smith of Zuckerman Spaeder as Interim Liaison Counsel.

The second application is filed by counsel of record in *Vazquez v. Kelly Benefits,* SAG-25-1514, and some others ("the Vazquez Slate"). The proposed leadership team in the Vazquez Slate consists of Sabita J. Soneji of Tycko & Zavareei LLP, Corban Rhodes of DiCello Levitt LLP, and Timothy LaComb of Mogin Law LLP as Co-Lead Counsel and Kevin Docherty of Brown, Goldstein & Levy as Liaison Counsel.

The third application is filed by counsel of record in *Wargas v. Kelly Benefits,* SAG-25-1486. In that application, Jason S. Rathod of Migliaccio & Rathod LLP seeks appointment as Co-Lead Counsel.

## II.     ANALYSIS

Federal Rule of Civil Procedure 23(g)(3) permits this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). The rule enumerates factors this Court must consider in selecting interim counsel:

>  (i)   the work counsel has done in identifying or investigating potential claims in the action;
>  (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>  (iii) counsel's knowledge of the applicable law; and
>  (iv)  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In addition to these mandated considerations, this Court is permitted to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

After review of the three applications, this Court believes that all of the attorneys and law firms proposed have the qualifications and experience to zealously advocate for the putative class. Factors (ii) and (iii), then, are essentially equal among the three applications. But in weighing the

other pertinent factors, this Court finds that the Gale Slate has done the most work in identifying or investigating the potential claims, filing the first case arising out of the data breach, filing a motion to consolidate the cases and set a schedule for the litigation, and building a majority coalition of support for appointment of the Gale Slate. *See, e.g., In re Gerber Prods. Co. Heavy Metals Baby Food Litig.,* No. 1:21-cv-269 (MSN/JFA), 2022 WL 1494378, at *4 (E.D. Va. May 10, 2022) ("Deference may be given to counsel who were the first to file and advance the case."); *Riddick v. Medstar Health,* Civ. No. 24-1335-BAH, 2024 WL 4712390, at *4 (D. Md. Nov. 7, 2024) (finding it appropriate to consider "the order of filing given there is little to differentiate the groups in terms of qualifications, expertise, experience, and resources"). The Gale Slate has also proposed a billing protocol that will minimize costs to the proposed class and consists of three well-capitalized firms with the ability and commitment to fund the litigation. Ultimately, the fact that the Gale Slate filed the first class action, has built a majority coalition in support of its appointment, and has best advanced the progress of the litigation demonstrates to this Court that it is "the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### III.    CONCLUSION

For the reasons set forth above, the Gale Slate's Motion to Appoint Interim Class Counsel, ECF 17, will be GRANTED and the other two Motions to Appoint Interim Class Counsel, ECF 22 and 23, will be DENIED. A separate Order follows.

Dated:  December 10, 2025                                  /s/
                                                                                   Stephanie A. Gallagher
                                                                                   United States District Judge